UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFS SALES COMPANY, | ) | CASE NO. 1:07 CV 485 |
| | ) | 1: 07 CV 1466 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| AMERICAN STEAMSHIP COMPANY, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |
| | ) | |
| AMERICAN STEAMSHIP COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NORTHSHORE MINING COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Cliffs Sales Company's ("Cliffs") Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 in both Case No. 07 CV 485 and 07 CV 1466. (ECF #153 and ECF #122, respectively)[1].

---

[1] While Cliffs submitted a bill of cost rather than a motion to tax costs, the Court will review the bill of costs in the first instance rather than have the clerk of courts make an initial assessment. See *BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 418-419 (6th Cir. 2005)(The "district court has inherent and statutory authority to act on motions related to costs prior to any action by the clerk.")

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)).

28 U.S.C. § 1920 sets forth the expenses that may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Cliffs was the prevailing party in these consolidated actions and judgment was entered in favor Cliffs against American Steamship Company ("ASC") in the amount of $2,000,000 and against Oglebay Nortorn Marine Services Company LLC, ("Oglebay") in the amount of $1,746,939.24. Cliffs seeks $140.00 for fees for service of summons and subpoena; $20,535.14 for fees of the court reporter for all or any part tot he transcript necessarily obtained for use in the case; and $4,188.85 for fees for exemplification and copies of papers necessarily obtained for use in the case.

ASC objects to Cliffs' request for costs for video-taped depositions of Jerome K. Welsch, Keith Collignon, Mary Bartels, and Michael Siragusa in the amount of $5,325.00 on the grounds that the depositions were never used at trial and were of no probative value

2

to the jury.

Courts have found that Section 1920 covers the costs of videotaped depositions and not just stenographic depositions. See *BDT Products, Inc.*, 405 F.3d at 420; *Tilton v. Captital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997). Moreover, "the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that the deposition is not actually used at trial is not controlling." Sutter v. Gen. Motors Corp., 100 Fed. Appx. 472, 475 (6th Cir. 2004) quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Cliffs asserts that all of the depositions were necessary when taken due to the fact that all the deponents were important witnesses and were officers, directors or 30(b)(6) witnesses of ASC or Oglebay. Cliffs could have used the depositions for any purpose, including impeachment if necessary. Under these circumstances, the Court finds these videotaped depositions were necessarily obtained for use in this case and are taxable under §1920.

ASC also objects to Cliffs request for the cost of daily transcripts in the amount of $5,631.40. A court may find that the cost of daily transcript is unnecessary and decline to tax such expenses as costs. See *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); *Hartford Fin. Servs. Group, Inc. v. Cleveland Public Library*, No. 99 CV 1701, 2007 WL 963320 (N.D. Ohio 2007). ASC claims that the transcripts were not substantively used at trial and were prepared only for the convenience of Cliffs. Cliffs counters that the transcripts were used at trial during closing arguments. Cliffs used excerpts from every witness at trial to show the jury what the evidence had

3

shown. Cliffs also contends that the transcripts were necessary to prepare for cross-examination during trial. While there is no doubt that daily transcript is a convenience for counsel and the party, the transcripts were used in this trial by Cliffs and also by ASC. Accordingly, the Court finds that daily transcript was a necessary expense and should be taxed as costs.

Oglebay objects to two of Cliffs' requests for costs for its demonstrative or blow-up exhibits. Specifically, Oglebay objects to a May 14, 2008 invoice from Profile Imaging (Demonstratives) in the amount of $565.69 and a May 22, 2008 invoice from Visual Evidence (Demonstratives) in the amount of $1,820.98. Oglebay contends that Cliffs' blow up exhibits could have been, and in fact were displayed, on all screens in the courtroom including the jury screens, thus the blow ups were unnecessary and should not be taxed as costs.

Cliffs counters that its demonstratives were actual exhibits at issue in the case such as the VTA, the Macuski e-mail and Ms. Bartel's calculation of the fuel adjustment provision. These demonstratives were used to present information in conjunction with the computer presentations. Cliffs has not asked for costs associated with its computer presentation, thus there is no danger of double billing for the same information. In short, Cliffs utilized the demonstrative exhibits throughout trial and court finds that they were necessary to Cliffs' presentation of its case. Accordingly, the cost of the demonstratives is appropriately taxed as costs.

## CONCLUSION

For the reasons set forth above, the objections of ASC and Oglebay to Cliffs' Bill

of Costs are overruled. Cliffs' Bill of Costs in the amount of $24,863.99 is approved and will be included in the Amended Judgment.

    IT IS SO ORDERED.

                                        /s/ Donald C. Nugent
                                        Judge Donald C. Nugent
                                        UNITED STATES DISTRICT JUDGE

DATED: August 26, 2008